UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*****************************************************************
```
                                                    :
MR. and MRS. "F.", Parents of "C.F.",               :   Civil No.
A Minor Handicapped Child,                          :   3:02cv2265 (EBB)
                                                    :
              Plaintiffs                            :
                                                    :
V.                                                  :
                                                    :
The Westport Board of Education;                    :
The State of Connecticut Department of              :
Education,                                          :
                                                    :
              Defendants                            :   February 6, 2004
                                                    :
```
*****************************************************************

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

I.   **INTRODUCTION**

   The Complaint in this matter is dated December 19, 2002, and it appears to have been filed on December 20, 2002.  The first appearance by a Defendant was made on January 8, 2003 with the filing of appearances by Attorney Richard Buturla, Attorney Marsha Belman Moses and Attorney Michelle Laubin on behalf of the Defendant Westport Board of Education ("the Board").  The Board filed an Answer and Affirmative Defenses in response to the Complaint on March 20, 2003.  To date, the plaintiff has not attempted to prepare and/or finalize a Rule 26F Report, therefore, the Board

1

respectfully requests that the Court dismiss this matter or enter other appropriate sanctions.

II.     **ARGUMENT**

   **Plaintiffs' failure to participate in a Rule 38 conference or produce a Rule 26(f) report warrants dismissal or other sanctions under Rule 16(f) of the Federal Rules of Civil Procedure.**

   Rule 38 of the Local Rules of Civil Procedure provides that within thirty (30) days after the appearance of any defendant, the attorneys of record must confer for the purposes described in Rule 26(f) of the Federal Rules of Civil Procedure (FRCP).  In a case such as this where a government entity is a defendant, the conference is to be held within thirty (30) days of the appearance of the government defendant.  The conference "shall be initiated by the plaintiff".  Within ten (10) days after the conference, the parties are to produce and file a report in the form prescribed under Rule 26(f) ("the Rule 26(f) Report"), following which the court issues a written scheduling order setting deadlines in the case pursuant to the Rule 26(f) Report.

   In this matter, the Plaintiff has never initiated a conference as required under Rule 38 for the purposes described in FRCP 26(f).  Following the appearance of the Defendant Westport Board of Education on January 8, 2003, the undersigned sent a letter to Plaintiffs' counsel dated March 12, 2003, reminding counsel of the obligation of the parties to confer and produce a Rule 26(f) Report, and asking counsel to provide a draft Rule 26(f) Report for review and consideration by counsel.[1]  No response was received.  On October 29, 2003, the undersigned sent a second letter, indicating that no response had been received to the first letter, and again requesting a response.

---

[1] *See*, Attachment A.

2

Rule 16 of the Federal Rules of Civil Procedure provides authority for the Federal District Courts to require such pre-trial conferences of the parties to a civil action, and Rule 16(f) provides authority for the Court to enter "such orders with regard thereto as are just", in the event of noncompliance. More than one (1) year has passed since the filing of the Complaint, more than one (1) year has passed since the entry of the appearance of the first Defendant. Plaintiff's failure to contact counsel for the Defendants during that entire period of time in order to set a scheduling order for this case speaks of a lack of interest in pursuing this litigation, and a failure to prosecute this matter. The Defendants should not be required to undertake the time and expense of preparing motions and memoranda of law to have this matter resolved, if there is no interest on the part of the Plaintiffs in pursuing the matter expeditiously and having a prompt and timely resolution.

III.     Conclusion

For all these reasons, the Defendant Westport Board of Education respectfully requests that this matter be dismissed, and/or that appropriate sanctions including but not limited to an award of attorney's fees for the costs associated with responding to the Complaint and the filing of various motions to dismiss this action, be charged to the Plaintiffs.

                RESPECTFULLY SUBMITTED,
                THE WESTPORT BOARD OF EDUCATION


    By _____
                Richard J. Buturla, Esq.
                Berchem, Moses & Devlin, P. C.
                75 Broad Street
                Milford, CT   06460
                (203) 783-1200
                Federal Bar No. ct 05967

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was mailed this 6th day of February, 2004, postage prepaid, to the following counsel of record:

Ralph E. Urban
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Jennifer D. Laviano
Jennifer D. Laviano, P.C.
632 Danbury Road
Ridgefield, CT 06877

                                                                                           _____
                                                                                          Richard J. Buturla