UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MR. and MRS. "F.", Parents of "C.F.",<br>A Minor Handicapped Child,<br>    Plaintiffs | FILED<br>MARCH 11, 2004<br><br>CV: 3:02cv2265(EBB) |
| v. | |
| The Westport Board of Education;<br>The State of Connecticut Department of<br>Education,<br>    Defendants | |

## MEMORANDUM IN SUPPORT OF THE PLAINTIFF'S MOTION TO RECONSIDER AND FOR RELIEF FROM JUDGMENT

I.  INTRODUCTION

This case was filed on December 20, 2002. Following the filing of the Complaint, the parties became involved in several telephonic and in-person conferences with the Court, and eventually the matter was assigned to Magistrate Holly B. Fitzsimmons to facilitate settlement. Several lengthy settlement conferences were held between the parties throughout the Spring and Summer of 2003, at which it was stated and agreed on more than one occasion that the parties would "hold off" on any motion practice until efforts at settlement had been fully exhausted in order to avoid further costs for both parties in legal fees. At the last of these conferences, held on August 7, 2003, it was agreed that the parties would continue to attempt to resolve the issues between them, and Magistrate Fitzsimmons requested that she be copied on any and all correspondence involved in the negotiations. This practice was followed by both parties until the matter was transferred.

Numerous letters have gone back and forth between counsel over the Fall and Winter of 2003, culminating with a formal Agreement being forwarded to counsel for the Plaintiffs by counsel for the Board on January 20, 2004. A modification to the Settlement Agreement was requested by counsel for the Plaintiffs on February 9, 2004. Counsel for the Defendant Westport Board of Education responded on February 13, 2004, rejecting the request for modification, and further noting that the Defendant Westport Board of Education remained willing to enter into the Settlement Agreement of January 20, 2004. A letter was sent by counsel for the Plaintiffs to counsel for the Defendant Westport Board of Education on February 18, 2004, urging reconsideration of the remaining item in dispute, and asking that the Defendant's counsel let Plaintiffs counsel know one way or the other whether the Board would do so so that the Plaintiffs could determine whether to accept the Settlement Agreement offered on January 20, 2004. Since the Defendant Westport Board of Education was on vacation during that week, Plaintiffs counsel allowed Defendant's counsel some time to respond after the vacation ended so that she could discuss the matter with her clients when they returned from break. No response was ever given.

The Defendants' Motion to Dismiss is dated February 6, 2004, and was apparently filed with the Court on February 9, 2004. Moreover, the Motion was certified as having been sent to Plaintiff's counsel on February 6, 2004. However, Plaintiff's counsel did not receive the Motion from the Defendant until Monday, February 23, 2004. The envelope in which it was sent was postmarked on February 20, 2004, and appears to have been delivered to the office of Plaintiff's counsel on Saturday, February 21, 2004, and was opened with the "weekend mail" on Monday, February 23, 2004.

Upon receiving the Motion to Dismiss, and noticing the date on the Motion as February 6, 2004, Plaintiff's counsel called the Chambers of the Judge assigned to this matter on Monday, February 23, 2004, and asked to speak with one of Judge Burns' law clerks, and was told that she was speaking with one. Plaintiff's counsel identified herself, referenced the case about which she was calling, and explained that she had just received for the first time the Defendant's February 6, 2004 Motion to Dismiss on that day, and that it had been sent to Plaintiff's counsel two weeks after the date on which it was certified to have been sent. The clerk assured Plaintiff's counsel that she would make note of this, and encouraged Plaintiff's counsel to send in to the Court the Plaintiff's reply as soon as practicable. Plaintiff's counsel indicated that she would do so.

In the interim, the Plaintiffs needed to decide whether to continue to pursue the federal litigation, incur additional attorney's fees in so doing, or to accept the January 20, 2004 offer from the Defendant. By accepting the January 20, 2004 offer, the Plaintiffs would have to agree to withdraw with prejudice the Complaint. The Plaintiffs determined that it was not beneficial to proceed with the federal litigation, which they had not vigorously prosecuted by agreement during the settlement negotiations, but rather to accept the Settlement Agreement which was sent on January 20, 2004, and re-offered February 13, 2004.

Formal acceptance of the Defendant's Settlement Agreement was not sent to Defendant's counsel until Monday, March 8, 2004, due to the fact that Plaintiff's counsel was out of the office virtually every day on other special education matters between receiving the Motion to Dismiss on February 23, 2004 and March 8, 2004. March 8, 2004 was also the date on which the Plaintiffs' counsel received the Court's dismissal of

the action with prejudice, which was filed less than two weeks after the Plaintiffs received notice of the Defendant's Motion to Dismiss. The Defendant has now taken the position that the Plaintiffs "rejected" the January 20, 2004 and February 13, 2004 offers due to the fact that Plaintiffs counsel asked Defendant's counsel to let her know whether the Board would reconsider the modification or not, and has further indicated that the Defendant will not enter into the Settlement Agreement now that the matter has been dismissed.

II. ARGUMENT

A. Motion for Reconsideration Pursuant to Local Rule 7 (c)

Local Rule 7 (c) provides in pertinent part that a party may move for reconsideration of a ruling within ten (10) days of the filing of the decision or order, and instructs the party seeking said relief to "concisely" set forth the "matters" which counsel believes the Court "overlooked in the initial decision or order."

The Plaintiffs respectfully request that the Court reconsider the Dismissal of this Action, based upon the above-referenced facts, specifically that

a) The Defendant did not send the required notice of the Motion to Dismiss to Plaintiff's counsel until two weeks had already passed, thereby giving the Plaintiffs only one week in which to respond to the Motion rather than the usual three;

b) The Plaintiffs' counsel immediately notified the Court of this fact upon receiving the Motion to Dismiss on February 23, 2004 and stated that opposition papers would be filed;

c) The parties had agreed to hold off on *all* pleadings during the settlement negotiations, which were ongoing;

d) The Plaintiffs relied upon the representations of Defendant's counsel that the January 20, 2004 offer remained viable as late as February 13, 2004 in deciding not to prosecute the federal case which would have had to be withdrawn upon execution of the Agreement;

e) The Dismissal was entered less than two weeks after Plaintiff's counsel notified Chambers of the delayed receipt of the Motion to Dismiss;

f) The Defendant is now attempting to use the Dismissal of the action as a basis to withdraw the settlement offer which was conditioned, in part, upon the withdrawal of the action with prejudice.

B. Motion for Relief from Judgment or Order pursuant to FRCP 60

FRCP 60 (b) gives the Court authority to relieve a party from a final judgment or order for several reasons, including the following applicable factors:

a) "(1) mistake, inadvertence, surprise, or excusable neglect"

In this instance, the Defendant did not provide the proper notice to the Plaintiffs of their Motion to Dismiss, which therefore severely limited the time period in which the Plaintiffs could respond to the Motion. Plaintiff's counsel immediately brought this to the attention of the Court, and in the meantime worked with the Plaintiffs to decide whether or not to accept the Defendant's offer of settlement, or to expend further attorney's fees in both responding to the Defendant's Motion and preparing a 26(f) report.

Moreover, the agreement of the parties was that both sides would not engage in motion practice until all avenues of settlement had been exhausted. The Defendant had not responded to the Plaintiff's last settlement correspondence of February 18, 2004, although there have been numerous occasions during the course of settlement negotiations in this matter wherein weeks have gone by before a response has been received by the Defendant's counsel, and this was not unusual.

(b)   (3) "fraud...misrepresentation or other misconduct of an adverse party"

The Defendants' counsel has certified that they sent the Motion to Dismiss to the Plaintiff's counsel on February 6, 2004, but in fact the Motion was not mailed by the Defendant's counsel to Plaintiff's counsel until February 20, 2004. Whether this was a clerical error or not can not be known, however, the Plaintiff's should not be penalized for the Defendant's failure to comply with notice requirements to opposing counsel of the Motion within a timely manner.

Moreover, while the Plaintiffs have, by agreement, held off on the filing and pursuit of any pleadings in this matter during the pendency of settlement negotiations (including a previous Motion for Preliminary Injunction) the Defendants have not honored this agreement, and are now attempting a "bait and switch" of the underlying Settlement Agreement which has been negotiated for many months, the numerous terms of which have been resolved.

(c)   "(6) any other reason justifying relief from the operation of the judgment."

The Plaintiffs respectfully request that the Court consider the totality of the facts herein, the conduct of the Defendants, the immediate contact by

Plaintiff's counsel to the Court upon discovering the fact that the Motion had not been sent timely, and exercise its powers in equity and law to relieve the Plaintiffs from the Judgment. The reasons for doing so are particularly compelling, considering the fact that the Defendant's Settlement Agreement which the Plaintiffs have accepted, but which the Defendant has now refused to enter, would have provided that the Plaintiffs withdraw this action with prejudice once executed. While the Plaintiffs have honored the agreement to suspend motion practice during the pendency of settlement negotiations in good faith, the Defendants have not, and now wish to benefit from their failure to honor the understanding.

III.  CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court reconsider its Ruling of March 4, 2004 and grant the Plaintiffs relief from said Judgment.

The Plaintiffs by _____

Jennifer D. Laviano
Jennifer D. Laviano, PC
77 Danbury Road, Suite C6
Ridgefield, CT  06877
(203) 431-4757
Juris No. CT 17601

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile, hard copy to follow, to Richard Buturla, Esq., Berchem, Moses & Devlin, 75 Broad Street, Milford, CT 06460, (203) 783-1200, counsel for the Defendant Westport Board of Education, on this 11th day of March, 2004.

The Plaintiff by _____
Jennifer D. Laviano
Jennifer D. Laviano, PC
77 Danbury Road, Suite C6
Ridgefield, CT 06877
(203) 431-4757
Juris No. CT 17601