UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Mar 26  3 37 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MR. and MRS. "F.", Parents of "C.F.", : Civil No.
A Minor Handicapped Child, : 3:02cv2265 (EBB)
:
Plaintiffs :
:
V. :
:
The Westport Board of Education; :
The State of Connecticut Department of :
Education, :
:
Defendants : March 26, 2004
:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OR RELIEF FROM JUDGMENT

I.  INTRODUCTION

The present action was filed on or about December 19, 2002 as an application for attorneys' fees and costs by the Plaintiff, claiming prevailing party status as a result of a special education due process hearing filed and held under the Individuals with Disabilities Education Act (IDEA) and State law. Appearances were filed by the Defendant Westport Board of Education in January 2003, and Plaintiffs filed for a Temporary Restraining Order and Preliminary Injunction in March 2003. Settlement conferences were held on April 8, 2003 and April 28, 2003, a telephone status conference was held on June 26, 2003, and additional settlement conferences were held on July 31, 2003, and August 7, 2003. On August 13, 2003, the Court denied the Plaintiff's motion for Preliminary Injunction without prejudice based on the ongoing settlement

1

negotiations. On October 8, 2003, the court conducted a status conference to discuss the status of the case and the parties' settlement negotiations. On February 6, 2004, the Defendant Westport Board of Education ("Westport"), filed a motion to dismiss the case on the basis of the failure of Plaintiff's counsel to move the matter forward; specifically, to cooperate in preparing a Rule 26(f) Report as required by the Federal and Local Rules of Civil Procedure (Westport's Motion to Dismiss). Plaintiff's counsel failed to respond to Westport's Motion to Dismiss, and on March 4, 2004, the Court granted the Motion to Dismiss, with prejudice but without costs (the Court's Ruling). On March 11, 2004, Plaintiff's counsel filed a Motion to Reconsider Dismissal with Prejudice and For Relief of Judgment ("Plaintiff's Rule 60(b) Motion"). Westport hereby files its Objection to Plaintiff's Rule 60(b) Motion. Given that the grounds stated for reconsideration under Local Rule 7(c) are identical to the grounds stated for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, the Board will structure its argument in terms of the standard under Rule 60(b); however, the same arguments are equally applicable to Plaintiff's more informal motion made under Local Rule 7(c) for reconsideration of the Court's Ruling.

II.   ARGUMENT

    A.   <u>Plaintiff is not entitled to relief from judgment under Rule 60(b)(1), as Plaintiff has failed to show mistake, inadvertence, surprise, or excusable neglect, as required under the Rule.</u>

In order to determine whether the Plaintiff is entitled to relief pursuant to Rule 60(b)(1), the court must determine whether the order from which relief is sought was the result of "excusable neglect" by the moving party or counsel for the moving party. Fed.R.Civ.P. 60(b)(1); <u>Pioneer Inv. Servs, Ins. v. Brunswick Assocs. Ltd. Paternership</u>,

507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); Canfield v. Van Atta Buik, 127 F.3d 248, 250 (2d Cir. 1997). Even if excusable neglect is found to exist, the court must still decide whether the moving party possesses a "meritorious claim" on the motion which resulted in the unfavorable ruling. Babigian v. Association of the Bar of the City of New York, 144 F.R.D. 30, 33 (S.D.N.Y. 1992)(citing Lepkowski v. United States Dept. of Treasury, 804 F.2d 1310, 1314 (D.C.Cir. 1986).

The determination of whether to grant a motion based on excusable neglect has been characterized as being an equitable one, "taking account of all relevant circumstances surrounding the party's omission." Fetik v. New York Law School, 1999 WL 459805 at *4 (S.D.N.Y. June 29, 1999), quoting Pioneer Investment, *supra*. The circumstances to be considered include prejudice to the adversary, the length of the delay, the reason for the error, the potential impact of the judicial proceedings, whether it was within the "reasonable control of the movant" and whether the movant acted in good faith. Id. Cobos v. Adelphi Univ., 179 F.R.D. 381, 386 (E.D.N.Y. 1998); United States v. Cirami 563 F.2d 26, 30 (2d Cir. 1977).

The Second Circuit has decided that a client is not generally excused from the consequences of his attorney's negligence absent extraordinary circumstances. Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986). The Second Circuit has "rather consistently refused to relieve a client of...a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his ability to efficiently manage his caseload." United States v. Cirami, 535 F.2d 736, 741 (2d Cir. 1976)("Cirami I"); Nemaizer, 793 F.2d at 62. A person who selects his attorney cannot thereafter avoid the consequences of the attorney's acts or

3

omissions on his behalf. Nemaizer, 793 F.2d at 62. An attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if the attorney is preoccupied with other litigation. Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc. 803 F.2d 1130, 1132 (11th Cir. 1986); Optimal Health Care Servs., Inc. v. Travelers Ins. Co., 801 F.Supp. 1558, 1560 (E.D.Tex. 1992).

Here, it is the claim of Plaintiff's counsel that after she received a copy of Westport's Motion to Dismiss for failure to comply under Rule 26(f) on or about Monday, February 23, 2003[1], she telephoned the Judge's chambers, and spoke to a law clerk, to whom she represented that she had just received the Motion to Dismiss, and intended to file opposition papers. Counsel then evidently did not file opposition papers, nor did she file a Motion for Extension of Time in which to file opposition papers, nor did she contact counsel for the Defendant to discuss the matter and to seek the consent of counsel to an extension, and on March 4, 2004, having received no opposition papers from Plaintiff's counsel, the Court granted Westport's Motion to dismiss. The failure of Plaintiff's counsel to file opposition papers or to protect her client's position by filing an immediate Motion for Extension of Time constitutes neglect of her client's position, but not excusable neglect. Nothing prevented counsel from protecting her client's position at that point by filing the appropriate opposition papers or motions, and yet she simply failed to do so. Plaintiff's counsel admits that she was aware on February 23 that she had an obligation to file a response, contacted the Court directly and yet, eleven days later still had not filed anything with the Court. Further, she has not alleged any reason that prevented her from filing any appropriate pleading during that eleven day period. An

---

[1] Plaintiff's allegation of fraud resulting in the late delivery of Westport's Motion to Dismiss will be addressed subsequently.

4

error that is within the control of counsel to correct cannot be the basis of a finding of excusable neglect. Calhoun v. Schultze, 197 F.R.D. 461, 463 (D.Kan. 2000).

"[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment." Nemaizer v. Baker, 793 F.2d at 62; FHC Equities, LLC v. MBL Life Assurance Corp., 188 F.3d 687, 686 (6th Cir. 1999); Smith v. Stone, 308 F.2d 15, 17-18 (9th Cir. 1962). "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." FHC Equities, *supra*, quoting In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir. 1986), Federal's Inc. v. Edmonton Inv. Co., 555 F.2d 577, 583 (6th Cir. 1977). However, counsel's failure to correctly assess the situation and react appropriately cannot be the basis for relief from judgment for the Plaintiff.

In deciding a motion to vacate a default judgment, the absence of prejudice to the non-defaulting party does not, in and of itself, entitle the party who has defaulted to relief from judgment. "[Courts have an interest in expediting litigation, [and] abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct". Securities and Exchange Commission v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998), quoting American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). The Second Circuit has held that the reason for the delay is "the most prominent factor" and should be given particular weight in the analysis. Mason v. Schriver, 1999 WL 498221 at *2 (S.D.N.Y. July 13, 1999), citing United States v. Hooper, 43 F.3d 26, 28 (2d Cir. 1994). In Carcello v. TJX Companies, Inc., 192 F.R.D. 61 (D.Conn. 2000), Judge Nevas weighed these factors in considering whether to vacate the dismissal of a

5

case in which counsel for the plaintiff had failed to file a response to the defendant's motion for involuntary dismissal. Judge Nevas determined that the failure to file a response did not constitute "excusable neglect" where counsel claimed to be ill and suffering from "serious medical problems" at the time of the filing of the defendant's motion, but failed to communicate to opposing counsel or to the court to apprise them of his condition and request an extension of time. Similarly, here, Plaintiff's counsel claims that she did not receive notice of Westport's Motion to Dismiss at the time that it was filed with the Court on February 9, 2004, but when she did receive notice on February 23, 204, she failed to communicate with counsel for Westport, failed to file her opposition papers, and failed to request an extension of time.[2] *See also*, Hartford Steam Boiler Inspection and Ins. Co. v. Southeastern Refractories, Inc., 212 F.R.D. 62, 66 (D.Conn. 2003) (decision by Judge Goettel that relief was not warranted on ground of excusable neglect in failing to file opposition to defendant's motion to dismiss where counsel was aware of deadline but delegated responsibility for preparing opposition papers and then forgot deadline; "sheer oversight is not excusable neglect").

Even were the failure to file opposition papers or a Motion for Extension of Time after receiving notice of Westport's Motion to Dismiss to be considered "excusable neglect" under Rule 60(b)(1), in order to qualify for relief from judgment, Plaintiff would need to demonstrate the existence of a meritorious argument on the motion that resulted in the adverse action. Babigian v. Association of the Bar of the City of New York, 144 F.R.D. 30, 33 (S.D.N.Y. 1992)(citing Lepkowski v. United States Dept. of Treasury, 804 F.2d 1310, 1314 (D.C.Cir. 1986). A meritorious defense is one that "probably would

---

[2] Plaintiff's counsel appears to be arguing in part that she was acting in reliance on an alleged agreement that the parties "would not engage in motion practice" for some indeterminate period of time. Counsel cites no evidence of the existence of such an agreement, and indeed, no such agreement existed.

6

have been successful". Optimal Health Care Servs, Inc. v. Travelers Ins. Co., 801 F.Supp. at 1560; Solaroll Shade and Shutter, 803 F.2d at 1133. Plaintiff has not addressed this factor in the Rule 60(b) Motion at all. Moreover, the only comment counsel provides regarding the merits of Westport's Motion to Dismiss for failure to comply with Rule 26(f) is that after receiving the Motion to Dismiss, she proceeded to discuss with her client "whether or not to accept the Defendant's offer of settlement, or to expend further attorney's fees in both responding to the Defendant's Motion and preparing a 26(f) report". Thus, it appears that Plaintiff has no meritorious defense to the Motion to Dismiss that would require further consideration by the Court.

    B.    <u>Plaintiff is not entitled to relief from judgment under Rule 60(b)(3), as Plaintiff has failed to show evidence of fraud, as required under the Rule.</u>

To prevail on a motion under Rule 60(b)(3), the moving party must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation, and that the misrepresentation prevented the moving party from fully and fairly presenting its case. Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 372-373 (8th Cir. 1994), citing Paige v. Sandbulte, 917 F.2d 1108, 1109 (8th Cir. 1990). The bald assertion by one party that the other party has engaged in a fraud does not constitute "clear and convincing evidence" of same. Id. The burden of proving the fraud is on the plaintiff as the moving party. Fraud is not to be presumed but must be proven by "highly convincing" evidence. Gonzolez v. Gannett Satellite Information Network, 903 F.Supp. 329 (N.D.N.Y. 1995), affirmed, 101 F.3d 109 (2d Cir. 1996), citing Clarkson Co. v. Shaheen, 544 F.2d 624, 631 (2d Cir. 1976), 11 Wright, Miller & Kane at § 2860. Here, Plaintiff's counsel asserts, without evidence or proof, that despite counsel's certification that the Motion to Dismiss was duly mailed on February 6, 2004, she

received the Motion to Dismiss in an envelope postmarked February 20, 2004. This makes little sense in light of the undisputed fact that the Court docketed the Motion to Dismiss as having been filed on February 9, 2004. Plaintiff's counsel provides no explanation as to why Defendant's counsel would have mailed a copy to the Court on February 6, 2004 but waited two weeks before mailing a copy to Plaintiff's counsel. Moreover, if Plaintiff's counsel really believed this to be the case, why did she not communicate this fact to Defense counsel and request additional time within which to file an objection to the Motion to Dismiss? A more likely explanation, given the volume of cases in common between the two offices, is that Plaintiff's counsel did receive something in the mail from the office of Defense counsel on February 20, 2004, but that it was not in fact the Motion to Dismiss at issue in this case, nor was it in any way related to the case at bar. In any event, Plaintiff's counsel has provided no evidence, clear and convincing or otherwise, that any fraud has been perpetrated. Most significantly, the Plaintiff <u>received</u> the motion within the response period, sought no extension, called the Court and consulted with her client.

As explained above, once Plaintiff's counsel became aware of the Motion to Dismiss on February 23, 2004, she still could have filed an objection to the Motion or a Motion for Extension of Time and proceed with the required Rule 26(f) report, either of which would have had the desired effect of preventing the Court from entering judgment in favor of the Defendant Westport Board of Education by default. Having failed to do so, Plaintiff's counsel cannot claim that a fraud prevented her from protecting her client's interests.

    C.    <u>Plaintiff is not entitled to relief under Rule 60(b)(6), as Plaintiff has failed to show the existence of any other reason justifying relief from the operation of the judgment.</u>

Rule 60(b)(6) has been characterized as a "catch-all" provision that allows a court to vacate a judgment "for any other reason justifying relief from the operation of the judgment". However, to receive relief under this provision, the moving party must "show both injury and circumstances beyond its control prevented timely action to protect its interests". Neglect or lack of diligence is not to be remedied through Rule 60(b)(6). <u>Lehman v. United States</u>, 154 F.3d 1010, 1017 (9th Cir. 1998)(citations omitted).

In the present matter, Plaintiff urges the Court to take cognizance of the fact that the parties were at one point negotiating a settlement agreement, and that the dismissal of the case has effectively terminated those negotiations. Plaintiff's counsel complains that there was an "agreement" that no motions would be filed as long as settlement negotiations were ongoing. The fact of the matter is, however, that the case had been pending an in settlement negotiations for almost a year, with several settlement conferences conducted by the Court, without the parties being able to reach agreement. Meanwhile, Plaintiff had failed to prosecute the matter by moving the litigation forward by obtaining a scheduling order from the Court by filing a Rule 26(f) Report. Moreover, Plaintiff is unable to provide any evidence of this so-called "agreement" not to file any motions in the pending litigation. A similar argument was rejected in <u>Lehman</u>, *supra*, where the district court denied the plaintiff's motion under Rule 60(b)(6) on the ground that there was no evidence of an agreement that if the case were dismissed, plaintiffs could re-file at any time in the future without regard to the statute of limitations.

An attorney's neglect of a case will not provide the basis for a Rule 60(b)(6) motion. Cobos v. Adelphi Univ., 179 F.R.D. at 388, citing Cirami II, 563 F.2d at 30. Even gross negligence is not a basis for relief under this provision unless the gross negligence is explained by "exceptional circumstances" and there is a showing that the client was diligent even in the face of the attorney's negligence. Id. (citations omitted). Rule 60 (b)(6) does not afford relief for tactical decisions of a party. Id. (citations omitted). The decision not to file either opposition papers or a Motion for Extension of Time can best be characterized as a tactical decision made by counsel apparently after consultation with her client. Now that the tactical decision has backfired and the case has been dismissed, Plaintiff cannot be permitted to benefit from this decision by allowing the case to be re-opened. In this matter, by her own admission, the Plaintiff received the motion and chose not to file a response.

III. CONCLUSION

For all these reasons, the Defendant Westport Board of Education respectfully requests that the Motion to Reconsider Dismissal with Prejudice and for Relief from Judgment be DENIED and that the judgment in favor of the Westport Board of Education be allowed to stand.

RESPECTFULLY SUBMITTED,
THE WESTPORT BOARD OF EDUCATION

BY_____
Richard J. Buturla
BERCHEM, MOSES & DEVLIN, PC
75 Broad Street
Milford, CT 06460
Federal Bar #05967
203-783-1200

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed this date, first class mail, postage prepaid, and sent by telecopy, to the following:

Jennifer D. Laviano, Esq.
77 Danbury Road
Suite C-6
Ridgefield, Connecticut 06877

And

Ralph Urban
Office of Attorney General
55 Elm Street
Hartford, Connecticut 06141-0120

Richard J. Buturla, Esq.